UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-23883-CIV-ALTONAGA/Reid

**NONI JAMIL STINSON**,

    Petitioner,
v.

**MARK S. INCH**,

    Defendant.
_____/

## ORDER

On September 22, 2020, Petitioner, Noni Jamil Stinson, filed a *pro se* Petition Under 28 U.S.C. [Section] 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1]. Petitioner is incarcerated at Homestead Correctional Institution in Miami-Dade County, Florida, and she challenges the constitutionality of her conviction and sentence in case number 2006-CF-012588, entered in the Fourth Judicial Circuit Court in Duval County, Florida. (*See generally* Pet.). On October 1, 2020, Magistrate Judge Lisette M. Reid[1] issued a Report of Magistrate Judge [ECF No. 3], recommending the case be transferred to the Middle District of Florida. (*See generally id.*).

When a magistrate judge's disposition has been objected to, district courts must review the disposition *de novo*. *See* Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 addition (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court

---

[1] The Clerk referred the case to Judge Reid for a report and recommendation on dispositive matters pursuant to Administrative Order 2019-2. (*See* [ECF No. 2]).

CASE NO. 20-23883-CIV-ALTONAGA/Reid

has acknowledged Congress's intent was to require a *de novo* review only where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[] [judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (alterations added)). The Supreme Court further stated nothing in the legislative history "demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate." *Id.*

The Report advised Petitioner she had 14 days to file objections. (*See* Report 2). To date, Petitioner has not filed objections. The Court therefore reviews the Report for clear error.

The Report recommends the case be transferred to the Middle District of Florida under the applicable venue provision because Petitioner's conviction was entered in Duval County and the records pertaining to her conviction are located there. (*See generally* Report). The Court agrees. Under 28 U.S.C. section 2241(d), a habeas application by a person in state custody

> may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [her] and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

*Id.* (alteration added). While the Court has jurisdiction over the Petition because Petitioner is incarcerated in this District, the Court may transfer the case to the Middle District of Florida because Petitioner was convicted and sentenced there. *See id.*

The undersigned has reviewed the Report, record, and applicable law to assure herself that no clear error appears on the face of the record. Considering that review, the undersigned agrees with Judge Reid's analysis and recommendation.

CASE NO. 20-23883-CIV-ALTONAGA/Reid

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 3]** is **ACCEPTED AND ADOPTED**. The Clerk is instructed to transfer this case to the United States District Court for the Middle District of Florida and mark this case as **CLOSED** in this District.

**DONE AND ORDERED** in Miami, Florida, this 22nd day of October, 2020.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: Petitioner, Noni Jamil Stinson, *pro se*;
Magistrate Judge Lisette M. Reid